IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| ROBERT A., | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:24-cv-00043-BT |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert A.,[1] proceeding *pro se*, filed this civil action seeking judicial review of a decision by the Social Security Administration (SSA). *See* Am. Compl. (ECF No. 8). In response, Defendant the Commissioner of the SSA filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 11) on grounds that Plaintiff failed to exhaust his administrative remedies. *See* Mot. Because Plaintiff has not received a final, appealable decision from the Commissioner, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Complaint.

### Background[2]

Plaintiff alleges he left work due to an injury in August 2012. Am. Compl. at 5. In December 2012, he filed a request for Railroad Retirement Board (RRB)

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Court recites certain background facts set forth in a declaration by Nancy A. Clark, an analyst at the SSA's Mid America Program Service Center, which Defendant attaches to the Motion to Dismiss. *See* Clark Decl. (ECF No. 11-1).

disability benefits. Clark Decl. at ¶ 3 (ECF No. 11-1). The RRB administers retirement, survivor, unemployment, and sickness benefits for U.S. railroad workers and their families. His RRB request also served as a request for Social Security disability benefits. *Id.* Plaintiff's request for disability benefits was denied in March 2014. *Id.* According to the Commissioner's records, Plaintiff did not appeal this denial, nor did he make any other disability filing with the RRB or the SSA. *Id.*

In January 2023, Plaintiff was awarded retirement benefits (including retroactive benefits) beginning in May 2022. *Id.* at ¶¶ 6–8. Thereafter, Plaintiff filed two separate Requests for Reconsideration seeking to change his benefits start date to August 1, 2012—the date he claimed to be disabled in his unappealed disability application. *Id.* at ¶¶ 6–7. Both requests were denied. *Id.* at ¶¶ 6–7.

Plaintiff then filed this action in federal district court on March 1, 2024, seeking again to amend the start date of his retirement benefits to August 1, 2012. *See* Am. Compl. at 5 (asking the Court to "advise the Social Security Administration to date the beginning of [his] Social Security start date as 8/01/2012," the date he "left work due to [his] injury.").

The Commissioner moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that he has not exhausted the administrative remedies for seeking judicial review of an adverse decision by the SSA. Mot. Dismiss at 4–6. Plaintiff did not respond to the Commissioner's Motion.

## Legal Standard

To survive the Commissioner's Rule 12(b)(6) challenge, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's factual allegations must "'raise a right to relief above the speculative level,'" but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010)). A plaintiff's claims have facial plausibility if he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Additionally, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

curiam)). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (citing *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989)).

Under 20 C.F.R. § 422.210(a), "[a] claimant may obtain judicial review of a decision by an administrative law judge or administrative appeals judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner." 20 C.F.R. § 422.210(a). Section 405(g) of the Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action . . . in the district court of the United States[.]" 42 U.S.C. § 405(g).

The Social Security Act does not define "final decision," but leaves it to the SSA to give meaning to that term through regulations. *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Apfel*, 530 U.S. at 106–07. However, if "the Council denies the request for review, the ALJ's opinion becomes the final decision." *Id.* at 107 (citing 20 C.F.R. §§ 404.900(a)(4)–(5), 404.955, 404.981, 422.210(a)). If the "claimant fails to request review from the Council, there is no final decision and as a result, no judicial review in most cases." *Apfel*, 530 U.S. at 106 (citing 20 C.F.R. §

4

404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482–83 (1986)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Apfel*, 530 U.S. at 106 (citing *Salfi*, 422 U.S. at 765–66).

A failure to exhaust these administrative remedies forms a proper basis for dismissal under Rule 12(b)(6) without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies. *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n. 4 & 5 (5th Cir. 2004).

## Analysis

Here, the Commissioner urges the Court to dismiss Plaintiff's claims because he has not received a final, appealable decision from the Commissioner. *See* Mot. Dismiss. Because Plaintiff has not exhausted his administrative remedies, the Court GRANTS the Commissioner's Motion.

A Social Security claimant must exhaust administrative remedies before seeking review in federal court. *Caesar v. Barnhart*, 191 F. App'x 304 (5th Cir. 2006) (per curiam). In the Social Security context, claimants must generally proceed through a four-step process before appealing to a federal district court for review. *See Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019). A claimant must first seek an initial determination as to his eligibility for benefits, then seek reconsideration of the initial determination. Then, a claimant must request a hearing with an Administrative Law Judge, and finally, the claimant must seek review of the ALJ's decision by the Appeals Council. *Id.* at 476 (citing 20 C.F.R. §

416.1400). These steps result in an appealable "final decision" under Section 405(g).

Here, it is undisputed that Plaintiff did not receive a final decision from the Commissioner—indeed, Plaintiff states in his Amended Complaint that he has "not received a notice" from the Social Security Appeals Council that his appeal was denied. Am. Compl. at 3. There is no indication in the record that Plaintiff had a hearing before an ALJ. Plaintiff did not even complete the first step articulated in *Smith v. Berryhill*—he did not receive an initial determination as to his eligibility for benefits. *See* January 2024 Letter (ECF No. 11-3) (explaining that his requests for reconsideration had been dismissed because no initial determination had been made in his case); Clark Decl. ¶ 9. Accordingly, because Plaintiff has not received a final decision from the Commissioner that would provide him the right to petition a federal district court for review, his claim is dismissed without prejudice for failure to exhaust administrative remedies. *See Martin K. Eby Const. Co.,* 369 F.3d at 467 n. 5 (explaining that dismissal for failure to exhaust administrative remedies should be without prejudice to the claimant's right to return to court after it has exhausted its remedies); *Phillips v. Everett*, 2019 WL 2290003, at *2 (N.D. Tex. May 6, 2019) (Rutherford, J.), *adopted by* 2019 WL 2287904 (N.D. Tex. May 29, 2019).

## Conclusion

The Court GRANTS the Commissioner's Motion to Dismiss and DISMISSES Plaintiff's claim.

**SO ORDERED.**

September 23, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE